IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEMUEL THOMAS | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 06-5133 |
| | : | |
| MICHAEL J. ASTRUE,[1] | : | |
| Commissioner of Social Security | : | |

**MEMORANDUM**

LOWELL A. REED, Jr., Sr. J                                                                   September, 13  2007

       Upon consideration of the motion for summary judgment filed by plaintiff and defendant's cross-motion and response thereto (Doc. Nos. 8 & 9), the court makes the following findings and conclusions:

       1.     On October 18, 2001, Lemuel Thomas ("Thomas") filed for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f, alleging an onset date of December 31, 1991. (Tr. 88-90). After an initial denial, a hearing before an ALJ and a subsequent decision by the ALJ, the Appeals Council remanded Thomas' case and vacated the ALJ's decision. (Tr. 29-38; 39-42; 70-72). The ALJ held a second hearing on November 30, 2005 and filed his new decision denying benefits on January 23, 2006. (Tr. 15-25; 870-89). After the Appeals Council denied review of the new decision, pursuant to 42 U.S.C. § 405(g), Thomas filed his complaint in this court on November 21, 2006. (Tr. 7-9)

       2.     In his decision, the ALJ found that Thomas had severe impairments consisting of osteoarthritis in the form of lumbar degenerative disc disease with degenerative joint disease of the knees and non-severe impairments consisting of chronic ilioinguinal nerve irritation, sleep apnea, and obesity. (Tr. 17 Finding 2). The ALJ further found that Thomas' impairments did not meet or equal a listing, that he had the residual functional capacity ("RFC") to perform light work, and that he was able to perform both his past work and a significant number of other jobs in the national economy. (Tr. 18 Finding 3; 19 Finding 4; 23 ¶ 5, Findings 5 & 9).[2] As a result, the ALJ concluded that Thomas was not disabled. (Tr. 16 ¶ 1; 24 Finding 10).

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d)(1), Michael J. Astrue has been substituted for former Commissioner Jo Anne Barnhart as the defendant in this lawsuit.

[2] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

        3.     The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d. Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). It is more than a mere scintilla but may be less than a preponderance. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

        4.     Thomas raises several arguments in which he alleges that the determinations by the ALJ were legally insufficient or not supported by substantial evidence. These arguments are addressed below. However, upon due consideration of all of the arguments and evidence, I find that the ALJ's decision is legally sufficient and supported by substantial evidence.

        A.     First, Thomas contends that the ALJ erred in failing to find his obstructive sleep apnea, depression/anxiety, obesity, and chronic ilioinguinal nerve irritation to be severe impairments. While the record demonstrates that Thomas has suffered from obstructive sleep apnea, the record also shows that the disorder was eliminated with proper CPAP titration and was only problematic when Thomas was not compliant with treatment. (Tr. 286; 625; 691; 738; 779-80). Regarding Thomas' depression or anxiety, until the instant motion, Thomas failed to claim depression or anxiety as an impairment and never testified that he had depression or anxiety or that it had any impact on his ability to work. See (Tr. 112-40, 872-78). While there are several records which mention depression or anxiety, e.g. (Tr. 276; 631-32; 634; 657), there is simply no evidence that it created any functional limitations for Thomas. Thomas bears the burden of proof at step two and instead of demanding that the ALJ scour the nearly 900 page record for few rather vague references regarding an illness, "[i]t is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so." Bowen v. Yuckert, 482 U.S. 137, 146, n. 5 (1987).[3] Thomas is six foot tall and weighs in around the mid-200 pound mark. (Tr. 112; 872-73). While Thomas is technically obese according to the BMI tables, he did not complain about the effects of his obesity during his hearing testimony (although counsel did mention that Thomas was obese). See (Tr. 884-86). Moreover, while the ALJ did not find that obesity was a severe impairment, he nonetheless considered the impact obesity had on Thomas' impairments several times in his decision, thus, adequately addressing S.S.R. 02-1p. (Tr. 17 Finding 2; 19 ¶ 2; 23 ¶ 3). Finally, while Thomas did complain of ilioinguinal nerve irritation throughout the medical record, due to the lack of significant medical findings supporting work-affecting pain (including exploratory surgery which

---

[3] As a result, Thomas' argument that the ALJ failed to follow 20 C.F.R. § 416.920a, regarding the proper evaluation of mental impairments, also must fail.

found only some scar tissue) and the physician's notes describing his pain as, *inter alia*, a sharp pain from time to time that did not persist and as just an ache after taking Ibuprofen, (Tr. 198-99; 206; 257; 630; 745; 753), the ALJ reasonably found that this impairment was not severe. As a result of the above, the ALJ's severity analysis is supported by substantial evidence and is legally sufficient.

    B.  Second, Thomas argues that the ALJ's conclusion that he had an RFC for light work (and, thus, could perform his past work as a security guard supervisor) was not supported by the evidence. Essentially, this argument revolves around the ALJ's decision to give little weight to the assessment of one of Thomas' treating doctors, Harold Buttram, M.D. ("Dr. Buttram"), and substantial weight to the assessment of a consultative examining physician, Brent Millet, M.D. ("Dr. Millet"), and the RFC assessment from Sharon Wander, M.D. ("Dr. Wander"). (Tr. 20 ¶ 3; 21 ¶ 1; 22 ¶ 1). After a thorough review of Dr. Millet's findings, including that Thomas had no limitations in his ability to lift and carry items, engage in prolonged standing, walking or sitting, engage in push/pull type activities, and had no postural limitations, other physical function limitations or environmental restrictions, the ALJ concluded that Dr. Millet's assessment was consistent with the preponderance of the medical evidence. (Tr. 19 ¶ 5 - 20 ¶ 3; 185-89). Nevertheless, in order to give Thomas the benefit of the doubt, the ALJ limited his lifting and carrying to twenty pounds on occasion and ten pounds frequently. (Tr. 20 ¶ 3). The ALJ further found that Dr. Wander's RFC statement that, *inter alia*, Thomas had no exertional limitations was likewise supported by the evidence. (Tr. 21 ¶ 1; 148-55).

    The ALJ then discussed Dr. Buttram's assessment and the severe limitations therein and concluded that the assessment was entitled to little weight because it was not supported by the medical evidence or Dr. Buttram's own treatment notes, was directly contradicted by a physical examination conducted by an impartial physician, and Dr. Buttram failed to provide any reasons or explanation for his assessment. (Tr. 21 ¶ 4 - 22 ¶ 1; 576-80). The ALJ further concluded that Dr. Buttram's assessment made unsubstantiated, uncorroborated, and unexplained statements about Thomas' ability to function over a twelve year period when he had only treated Thomas since 2001. (Tr. 22 ¶ 1; 176; 178; 576-80). The ALJ then noted that Dr. Buttram was not Thomas' primary care physician for his back disorders[4] and that his treatment notes did not include any comprehensive range of motion evaluations or neurological findings, and thus, they did not support the severe restrictions that he gave in his assessment. (Tr. 22 ¶ 2; see 165-84; 260-61; 545-72). I further note that Dr. Buttram first concluded that Thomas was disabled on his very first visit, presumably based on Thomas' subjective allegations. (Tr. 178). It is apparent that the ALJ's decision to discount the assessment of Dr. Buttram and credit the assessments of Dr. Millet and Dr. Wander is supported by substantial evidence. As a result, the ALJ's conclusion that Thomas has an RFC for light work (and could, thus, perform his past work as, *inter alia*, a security guard) is likewise supported by substantial evidence.

    C.  Third, Thomas claims that the ALJ improperly discounted the

---

[4] Most of Thomas' medical treatment was provided through the Veterans' Administration, however, none of the VA physicians opined that Thomas had impairments which would be work preclusive.

credibility of his testimony. "Credibility determinations are the province of the ALJ and only should be disturbed on review if not supported by substantial evidence." Pysher v. Apfel, No. 00-1309, 2001 WL 793305, at *3 (E.D. Pa. July 11, 2001) (citing Van Horn v. Schweiker, 717 F.2d 871, 973 (3d Cir. 1983)). Moreover, such determinations are entitled to deference. S.H. v. State-Operated Sch. Dist. of the City of Newark, 336 F.3d 260, 271 (3d Cir. 2003). Likewise, the ALJ is required to determine the extent to which a claimant is accurately stating the degree of pain or the extent to which he or she is disabled by it. Hartranft, 181 F.3d at 362 (citing 20 C.F.R. § 404.1529(c)). In accord with this directive, after reviewing the pertinent medical evidence and noting the lack of relevant findings, the ALJ partially discounted Thomas' assertions and limited him to light work. (Tr. 18 ¶ 3 - 22 ¶ 4; 23 ¶¶ 1-3). I find that the ALJ's credibility determination was supported by substantial evidence.

                D.       Fourth, Thomas asserts that the ALJ improperly failed to include postural limitations and a sit/stand option in the hypothetical to the vocational expert ("VE") which were supported by Dr. Buttram's assessment. Thomas also alleges that the ALJ failed to include relevant non-exertional limitations due to his depression. As discussed previously, it was reasonable for the ALJ to discount Dr. Buttram's assessment and to credit the assessments of Drs. Millet and Wander which did not include postural limitations or limitations in sitting, standing, or walking. (Tr. 149-51; 188-89; 576-77). Likewise, there is no evidence in the record to support that Thomas' alleged depression resulted in work related limitations. Plummer v. Apfel, 186 F.3d 422, 431 (3d Cir. 1999) (finding that a hypothetical must set forth only credible limitations established by the physical evidence). Therefore, the ALJ's hypothetical question was supported by substantial evidence.

                5.       Because the decision of the ALJ was supported by substantial evidence and legally sufficient, Thomas' motion must be denied and defendant's motion granted.

                An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEMUEL THOMAS | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 06-5133 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**ORDER**

AND NOW, this 13th day of September, 2007, upon consideration of the motion for summary judgment filed by plaintiff and defendant's cross-motion and response thereto (Doc. Nos. 8 & 9) and having found after careful and independent consideration that the record reveals that the Commissioner applied the correct legal standards and that the record as a whole contains substantial evidence to support the ALJ's findings of fact and conclusions of law, for the reasons set forth in the memorandum above, it is hereby **ORDERED** that:

1. Plaintiff's motion for summary judgment is **DENIED;**

2. Defendant's motion for summary judgment is **GRANTED** and **JUDGMENT IS ENTERED IN FAVOR OF THE DEFENDANT, AFFIRMING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY**; and

3. The Clerk of Court is hereby directed to mark this case closed.

s/ Lowel A. Reed, Jr._____
LOWELL A. REED, JR., Sr. J.